Marianne Dugan (OSB # 932563)
Internet e-mail address mdugan@mdugan.com
259 E. 5th Ave., Suite 200-D
Eugene, OR 97401
(541) 338-7072
Fax no. 866-650-5213
      Of Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| JANINE MCFARLAND, | No. |
| Plaintiff, | COMPLAINT |
| v. | (Gender Discrimination, Hostile Work Environment, and Retaliation Claim under Title VII) |
| THOMAS J, VILSACK, Secretary of Agriculture, | |
| Defendant. | DEMAND FOR JURY TRIAL |

### JURISDICTION AND VENUE

1.      This is a civil action for damages, for gender-based hostile environment, adverse action, and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e ("Title VII").

2.      Jurisdiction for the claims exists under 28 U.S.C. 1331 because this action arises under the laws of the United States.

3.      Venue is proper in this judicial district pursuant to the provisions of 28 U.S.C. 1391(b) in that this is a civil action wherein jurisdiction is not founded on diversity of citizenship and plaintiff's claims arise within this judicial district.

PAGE 1 - COMPLAINT

4.      Intradistrict jurisdiction in Portland is appropriate, because plaintiff lives in Jefferson County; and the Regional Office of the U.S. Forest Service is in Multnomah County.

## PARTIES

5.      Defendant U.S. Forest Service is and was at all material times a federal agency who has been plaintiff's employer since the 1980s.

6.      Plaintiff is female and complained about gender discrimination, and therefore is a member of a class protected under Title VII.

7.      The actions and omissions alleged in this complaint were taken by employees, officers, and/or agents of the defendant, within the scope of the authority of those employees, officers, and/or agents, and therefore were actions and omissions of the defendant.

## EXHAUSTION OF REMEDIES

8.      Plaintiff filed EEO claims, and then long after the time had passed for EEOC to make its decision, without meaningful progress in that arena, plaintiff (as allowed by the law) voluntarily withdrew her EEO claims in order to file this lawsuit.

9.      The EEO claims were EEO #1/FS-2011-00421/EEOC #550-2012-75X (formal complaint filed on June 6, 2011); EEO #2/USDA-FS-02011-00701/ 550-2012-98X (formal complaint filed on August 29, 2011); EEO # 3/USFS-2012-00070/551-2013-00002X (formal complaint filed January 3, 2012); EEO #4/FS-2015-00487 /EEOC No. 551-2016-00106X (formal complaint filed July 14, 2015); EEO # 5/FS-2016-00390/No EEOC No. assigned (formal complaint filed on March 24, 2016).

10.     Plaintiff has thereby exhausted her administrative remedies.

11.     The final order dismissing the EEOC complaints was issued July 21, 2016, less

than 90 days before the filing of this complaint.

## FACTUAL BACKGROUND

12.     Plaintiff is a GS-0193-11 Archaeologist with a position of record on the Deschutes National Forest.

13.     Plaintiff has worked as an archaeologist and archaeology-related jobs with the U.S. Forest Service since 1982, when she began as a summer volunteer Archeological Technician with the LaGrande Ranger District/Wallowa-Whitman National Forest in LaGrande, Oregon.

14.     During the 1980s and 1990s plaintiff suffered sexual harassment and a gender-hostile work environment from her coworkers and supervisors at the Forest Service.

15.     From 2000 to 2004, while plaintiff was working on the Los Padres National Forest, more than twenty EEO complaints were filed against the managers of that National Forest, in large part due to plaintiff's work to shed light on rampant sexual harassment and gender hostile work environment.

16.     All Los Padres employees were forced to attend a one-day training on sexual harassment because of these complaints.

17.     The Los Padres National Forest sexual harassment situation received a great amount of attention from the media and involved Congressional inquiries.

18.     In March 2004 plaintiff entered into a Settlement Agreement with the Forest Service regarding her sexual harassment/hostile work environment claims.

19.     However, the harassment and hostile work environment continued (as detailed herein), based on both plaintiff's gender and as retaliation against her protected activity of filing

complaints.

20.     Plaintiff has been forced (per order of Robin Heard, Undersecretary for USDA) to serve in a "detail" on the Ochoco National Forest in Prineville, Oregon, from November 2011 to the present.

21.     Officially, plaintiff is employed by the Forest Service's Regional Office in Portland, Oregon.

22.     Deputy Assistant Secretary Robin Heard created the detail position on the Ochoco National Forest in an attempt to "temporarily" remove Ms. McFarland from an ongoing retaliatory hostile work environment while they discussed settlement of her EEO complaints.

23.      The settlement did not occur, due to the Agency backing out on its agreement to accept an offered settlement.

24.     The Forest Service has forced plaintiff to remain in this detail for more than four years; and for four years plaintiff has been denied viable work, denied fieldwork, and excluded from the Forest Service culture of archaeologists.

25.     Plaintiff has made several attempts to get the Agency to return her to her permanent position of record.  She has simply asked for a different first-line supervisor.

26.     Plaintiff was advised in January 2015 that there was no funding and no work for her in central Oregon from that point on, even though the previous Forest Supervisor, Kate Klein, had assigned extensive work on the Crooked River National Grassland.

27.     Defendant has falsely claimed that there was no local Forest and Grassland work for plaintiff.

28.     The (now retired) ONF Forest Supervisor, Kate Klein, had given plaintiff several

years work on the Ochoco National Forest and Crooked River National Grassland, after Forest

Archeologist Penni Borghi was removed as her supervisor by United States Department of

Agriculture Undersecretary Robin Heard in November 2011.

29.     Ms. Klein had also assured plaintiff many times that the agency could provide a

solution and had work, that was similar in nature to the National Register of Historic Places

Multiple Property Nomination that had just been completed by plaintiff.

30.     In June 2011 plaintiff filed EEO formal complaint FS-2011-00421/EEOC #550-

2012-75X, complaining about the following:

a.      On January 18, 2011 her supervisor issued her a Letter of Warning;

b.      On February 23, 2011 her supervisor issued her a Letter of Direction;

c.      On March 3, 2011 and April 6, 2011 her supervisor denied her request for annual

        leave;

d.      Her supervisor denied her request for training;

e.      Her supervisor denied her requests to use POV and mileage;

f.      Her supervisor denied her work at home request;

g.      Her supervisor denied her request to work overtime;

h.      She was not selected for detail opportunities;

i.      Ongoing and continuing harassment from management continued, including, but

        not limited to:

        i.      Heightened scrutiny of her time and attendance;

        ii.     Excluding her from work meetings;

        iii.    Making false allegations to her coworkers about her;

        iv.      Soliciting negative information about her conduct and performance;

        v.       Refusal to recognize her awards and accomplishments;

        vi.     Threats to jeopardize her career with further disciplinary action.

31.     In August 2011, plaintiff filed formal EEO complaint FS-2011-00701/EEOC # 550-2012-98X, alleging the following:

    a.      On May 2, 2011 her supervisor issued her a Letter of Reprimand;

    b.      On May 2, 2011 management ordered her to stop fact-gathering for her prior EEO complaint;

    c.      On May 4, 2011 she was assigned a large project with unreasonable deadlines;

    d.      On May 24, 2011 she was removed from the ARPA archeological assignment and the project was assigned to a male without prior EEO activity;

    e.      On June 14, 2011 she was placed on a Performance Improvement Plan (PIP).

32.     January 2012 plaintiff filed formal EEO complaint FS-2012-00070/EEOC # 551-2013-00002X, alleging:

    a.      On September 26, 2011 she was not selected for the GS-12 Archeological Resources Protection Act Detail;

    b.      On or around September 2011 management did not assign her the "Bring 'Em Back" Archeology project.

33.     July 2015 plaintiff filed formal EEO claim FS-2015-00487/EEOC # 551-2016-00106X, alleging:

    a.      She was subjected to discrimination based on Reprisal when on January 29, 2015 she requested a lateral reassignment to a vacant GS-0193-11 Assistant Forest

Archaeologist position on the Ochoco National Forest and the Forest Supervisor denied her request. She also requested that Stacey Forson, Forest Supervisor, retain and continue supervising her in the future. She requested that Forest Archeologist Penni Borghi not be assigned to supervise plaintiff in this new assignment. Ms. Borghi was removed as Ms. McFarland's supervisor some time earlier, due to past adverse actions activity taken against her by Ms. Borghi.

b.      Plaintiff was subjected to discrimination based on Reprisal when on May 11, 2015, Deschutes and Ochoco Forest management staff refused to introduce or acknowledge her to large group of Forest employees including central Oregon fire groups, while every other employee was introduced including AFMO from Sisters RD that came into the room with plaintiff. Numerous employees noticed and complained or teased plaintiff about being "black listed" and being "from a third world country." Karen Brandt, Penni Borghi's first-line supervisor, was hostile and retaliatory towards plaintiff when she introduced the male archeologist as the "only archeologist on Ochoco NF."

c.      Plaintiff was subjected to discrimination based on reprisal when, after complaining about the situation described above to her immediate supervisor, Stacey Forson, she received an email from Ms. Forson indicating that Ms. Forson was seeking a job re-assignment "detail" for plaintiff on the Gifford-Pinchot NF and seeking assistance from the Regional Archeologist Jeff Walker on May 12, 2015, even though she is aware that plaintiff was already on a detail arranged by Robin Heard, and that plaintiff was not seeking other employment out of the area

due to family, health, financial, and civil rights issues.

    d.    Plaintiff was subjected to discrimination based on reprisal when on February 27, 2015, she discovered she was not selected for the GS-0193-11, Assistant Forest Archaeologist position on the Ochoco National Forest, despite being a more qualified individual than the selectee, who has no local/regional experience as she had gained since 1982, and being a long-term eastern Oregon resident and native.

    34.    March 2016 plaintiff filed EEO formal complaint FS-2016-00309/EEOC # not assigned, alleging:

    a.    Plaintiff was subjected to discrimination based on reprisal when on January 27, 2016 she received central Oregon job vacancies from Union representative Renee Roufs that included the GS-193-11 Bend-Fort Rock District Archeologist position.  This official USA job position closed on February 4, 2016. The Bend-Fort Rock GS-193-11 District Archeologist position was plaintiff's position.  The position had already been advertised, and no one had alerted plaintiff. This position could not be legally filled following the Agency/OPM hiring regulations and policies.  Plaintiff had not vacated that position.  She had been tied-up in the EEO process regarding her job since January 2011.

    b.    Deschutes and Ochoco National Forest management deliberately failed to advise her that the vacant position had been advertised.

    c.    Forest Service management purposely withheld all information regarding this decision to fill plaintiff's encumbered job, or to find a reasonable solution to my EEO case.

PAGE 8 - COMPLAINT

d.    Plaintiff continues to be denied access to the Regional Archeologist's professional mailing list and heritage program information.

e.    Plaintiff continues to be denied access to the annual regional meetings or other local meetings or program information sharing.

**FIRST CLAIM FOR RELIEF**
**Hostile Work Environment**
**Title VII**

35.    Plaintiff adopts by reference the allegations in the foregoing paragraphs.

36.    Throughout her employment at the mill, because of her gender, plaintiff was subjected to a hostile work environment by defendant, and subjected to other unwelcome conduct as further described herein.

37.    Her coworkers' gender-based statements and conduct were unwelcome to plaintiff.

38.    The conduct was sufficiently severe or pervasive to alter the conditions of plaintiff's employment to create an abusive work environment.

39.    Although plaintiff complained about the hostile work environment, defendant did not take reasonable steps to remedy the situation.

40.    The acts and omissions of defendant violated the civil rights of plaintiff under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e.

41.    As a direct and proximate result of the acts and omissions of defendant, plaintiff has suffered and sustained damages, continues to suffer and sustain damages, and in the future will suffer and sustain damages, in amounts to be proven at trial, including loss of past wages

and other income; loss of future earning capacity; mental anguish, emotional distress,

depression, stress, anxiety, and humiliation.

   42. Plaintiff is entitled to an award of reasonable attorney fees and costs pursuant to

42 U.S.C. § 2000e-5(k).

**SECOND CLAIM FOR RELIEF**
**Adverse Employment Decisions**
**Title VII**

   43. Plaintiff adopts by reference the allegations in the foregoing paragraphs.

   44. At all material times, plaintiff was performing her job in a satisfactory manner.

   45. As detailed in this complaint, plaintiff has suffered adverse employment actions

which employees outside of plaintiff's protected class have not suffered.

   46. The reason defendant took these adverse actions was because of plaintiff's gender;

and/or because she made complaints about being discriminated against.

   47. Defendant's actions described herein constitute adverse employment decisions.

   48. In taking these described actions, defendant treated plaintiff differently from other

persons outside her protected class.

   49. Defendant displayed discriminatory animus towards plaintiff.

   50. The acts and omissions set forth in this complaint were intentional and

discriminatory because of plaintiff's gender and/or because she made complaints about

discrimination.

   51. The acts and omissions of defendant violated the civil rights of plaintiff under

Title VII.

   52. As a direct and proximate result of the acts and omissions of defendant, plaintiff

has suffered and sustained damages, continues to suffer and sustain damages, and in the future

will suffer and sustain damages, in amounts to be proven at trial, including loss of past wages

and other income; loss of future earning capacity; mental anguish, emotional distress,

depression, stress, anxiety, and humiliation.

53.     Plaintiff is entitled to an award of reasonable attorney fees and costs pursuant to

42 U.S.C. § 2000e-5(k).

### THIRD CLAIM FOR RELIEF
### Retaliation
### Title VII

54.     Plaintiff adopts by reference the allegations in the foregoing paragraphs.

55.     Plaintiff complained about the discriminatory acts and hostile work environment

alleged herein.

56.     After plaintiff complained, defendant took additional actions which were harmful

to plaintiff, as alleged herein, and did so in retaliation for plaintiff's complaints.

57.     In taking these described actions, defendant treated plaintiff differently from other

persons who had not made such complaints.

58.     Defendant displayed discriminatory animus towards plaintiff for making the

complaints.

59.     The acts and omissions set forth in this complaint were intentional and

discriminatory because of plaintiff's complaints.

60.     The acts and omissions of defendant violated the civil rights of plaintiff under

Title VII.

61.     As a direct and proximate result of the acts and omissions of defendant, plaintiff

has suffered and sustained damages, continues to suffer and sustain damages, and in the future

will suffer and sustain damages, in amounts to be proven at trial, including mental anguish,

emotional distress, depression, stress, anxiety, and humiliation.

        62.    Plaintiff is entitled to an award of reasonable attorney fees and costs pursuant to

42 U.S.C. § 2000e-5(k).

**PRAYER FOR RELIEF**

        WHEREFORE, plaintiff requests a jury trial and demands judgment in her favor and

against defendant for the relief sought herein; for her reasonable costs and attorney fees; and for

any other relief deemed appropriate by the court.

        Respectfully submitted October 5, 2016.

                                                                       _/s/  Marianne Dugan_____
                                                                    Marianne Dugan, OSB # 932563
                                                                    Attorney for Plaintiff
                                                                    259 E. 5th Ave., Ste 200-D
                                                                    Eugene, Oregon 97401
                                                                    (541) 338-7072